Eric Lechtzin (I.D. # 248958)
**EDELSON LECHTZIN LLP**
411 S. State Street, Suite N-300
Newtown, PA 18940
Telephone: (215) 867-2399
Facsimile: (267) 685-0676
elechtzin@edelson-law.com

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS R. INGA, on behalf of himself and all others similarly situated, | Case No.: 5:24-cv-441 |
| Plaintiff, | |
| vs. | **CLASS ACTION COMPLAINT** |
| LAUNCH TECH USA, INC., | |
| Defendant. | |

Plaintiff Carlos R. Inga ("Plaintiff"), by and through his undersigned attorneys, on behalf of himself and all others similarly situated, alleges as follows:

**INTRODUCTION**

1.    Plaintiff brings this Class Action Complaint against Launch Tech USA, Inc. ("Defendant"), for violations of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended by the Consolidated Omnibus Budget Reconciliation Act of 1985 ("COBRA"), by failing to timely provide his and similarly situated persons with a COBRA notice.

2.    The failure to provide a timely COBRA notice misled Plaintiff and similarly situated persons and caused Plaintiff and those similarly situated economic injuries in the form of lost health insurance and unpaid medical bills, as well as informational injuries.

3.    Launch Tech USA, Inc. is the plan sponsor and plan administrator of the Launch Tech USA, Inc. health plan (the "Plan").

4.    Launch Tech USA has repeatedly violated ERISA by failing to timely provide participants and beneficiaries in the Plan with adequate notice, as prescribed by COBRA, of their

CLASS ACTION COMPLAINT - 1

right to continue their health coverage upon the occurrence of a "qualifying event" as defined by the statute.

5.      Defendant's failures to provide any COBRA notification deprived Plaintiff and similarly situated persons the opportunity to make an informed decision about the healthcare options for themselves and their families.

6.      Plaintiff's employment was terminated with Defendant on September 5, 2023. During the course of his employment, Plaintiff received employer-sponsored health insurance benefits through Anthem Blue Cross and Blue Shield. In the five months since his separation of employment, Plaintiff has never been provided a COBRA notice. Moreover, Plaintiff was never provided information explaining how to enroll in COBRA, despite the expiration of his employer-sponsored health insurance coverage.

7.      Defendant, as the sponsor and/or administrator of a group health plan, was required by 29 C.F.R. § 2590.606–4(b)(4) to provide Plaintiff and similarly situated persons written notice of the right to elect continuation coverage containing the following information:

- The name of the plan and the name, address, and telephone number of the plan's COBRA administrator;

- Identification of the qualifying event;

- Identification of the qualified beneficiaries (by name or by status);

- An explanation of the qualified beneficiaries' right to elect continuation coverage;

- The date coverage will terminate (or has terminated) if continuation coverage is not elected;

- How to elect continuation coverage;

- What will happen if continuation coverage isn't elected or is waived;

- What continuation coverage is available, for how long, and (if it is for less than 36 months), how it can be extended for disability or second qualifying events;

- How continuation coverage might terminate early;

CLASS ACTION COMPLAINT - 2

- Premium payment requirements, including due dates and grace periods;
- A statement of the importance of keeping the plan administrator informed of the addresses of qualified beneficiaries; and
- A statement that the election notice does not fully describe COBRA or the plan and that more information is available from the plan administrator and in the SPD.

8.    Plaintiff and similarly situated persons did not receive any of the information concerning the continuation of their health benefits required by 29 C.F.R. § 2590.606–4(b)(4).

9.    According to a Congressional research service study, "[The] average claim costs for COBRA beneficiaries exceeded the average claim for an active employee by 53%. The average annual health insurance cost per active employee was $7,190, and the COBRA cost was $10,988.14. This indicates that the COBRA population is sicker than active-covered employees and that the 2% administrative fee allowed in the law is insufficient to offset the difference in actual claims costs." Janet Kinzer, *Health Insurance Continuation Coverage Under COBRA*, Congressional Research Service (July 11, 2013).

10.    As a result of these violations, which threaten Class Members' ability to maintain their health coverage, Plaintiff seeks statutory penalties, injunctive relief, attorneys' fees, costs and expenses, and other appropriate relief as set forth herein and provided by law.

## JURISDICTION AND VENUE

11.    This Court has exclusive jurisdiction over the subject matter of this action under 29 U.S.C. §1132(e) and (f) and also pursuant to 28 U.S.C. § 1331 and 1355.

12.    This Court has personal jurisdiction over Defendant because they are headquartered and transact business in this District, reside in this District, and/or have significant contacts with this District, and because ERISA provides for nationwide service of process.

13.    This District is the proper venue for this action under 29 U.S.C. § 1132(e)(2) because it is the District in which the Plan is administered, where at least one of the alleged breaches took place, and where Defendant resides.

CLASS ACTION COMPLAINT - 3

14.    Plaintiff is a former employee of Defendant and was covered under the Plan through Defendant. Plaintiff was thus a participant/beneficiary in the Plan before his termination on September 5, 2023, which constituted a qualifying event within the meaning of 29 U.S.C. § 1163(2), rendering him a qualified beneficiary of the Plan pursuant to 29 U.S.C. § 1167(3). Plaintiff was not terminated for gross misconduct.

## THE PARTIES

15.    Plaintiff Carlos R. Inga, a resident of Upland, California, was employed by Defendant as a Shipping and Receiving Coordinator from October 17, 2021 until September 5, 2023. Plaintiff has resided at the same address at all times relevant to this case.

16.    Defendant Launch Tech USA, Inc. is a supplier of automotive diagnostic tools and solutions. Defendant maintains its principal place of business at 1820 S. Milliken Ave. Ontario, California 91761.

## FACTUAL ALLEGATIONS

**COBRA Notice Requirements**

17.    The COBRA amendments to ERISA include certain provisions relating to continuation of health coverage upon termination of employment or another "qualifying event" as defined by the statute.

18.    Among other things, COBRA requires the plan sponsor of each group health plan normally employing more than 20 employees on a typical business day during the preceding year to provide "each qualified beneficiary who would lose coverage under the plan as a result of a qualifying event … to elect, within the election period, continuation coverage under the plan." 29 U.S.C. § 1161 (emphasis added).

19.    Notice is of critical importance. The COBRA notification requirement exists because employees are not expected to know instinctively of their right to continue their healthcare coverage.

20.    Moreover, existing case law makes it clear that notice is not only required to be

delivered to covered employees but to qualifying beneficiaries, as well.

21.     COBRA further requires the administrator of such a group health plan to provide notice to any qualified beneficiary of their continuation of coverage rights under COBRA upon the occurrence of a qualifying event. 29 U.S.C. § 1166(a)(4). This notice must be "[i]n accordance with the regulations prescribed by the Secretary" of Labor. 29 U.S.C. § 1166(a).

22.     The relevant regulations prescribed by the Secretary of Labor concerning notice of continuation of coverage rights are set forth in 29 C.F.R. § 2590.606-4(b), as follows:

> (4) The notice required by this paragraph (b) shall be written in a manner calculated to be understood by the average plan participant and shall contain the following information:
>
> (i) The name of the plan under which continuation coverage is available; and the name, address and telephone number of the party responsible under the plan for the administration of continuation coverage benefits;
>
> (ii) Identification of the qualifying event;
>
> (iii) Identification, by status or name, of the qualified beneficiaries who are recognized by the plan as being entitled to elect continuation coverage with respect to the qualifying event, and the date on which coverage under the plan will terminate (or has terminated) unless continuation coverage is elected;
>
> (iv) A statement that each individual who is a qualified beneficiary with respect to the qualifying event has an independent right to elect continuation coverage, that a covered employee or a qualified beneficiary who is the spouse of the covered employee (or was the spouse of the covered employee on the day before the qualifying event occurred) may elect continuation coverage on behalf of all other qualified beneficiaries with respect to the qualifying event, and that a parent or legal guardian may elect continuation coverage on behalf of a minor child;
>
> (v) An explanation of the plan's procedures for electing continuation coverage, including an explanation of the time period during which the election must be made, and the date by which the election must be made;
>
> (vi) An explanation of the consequences of failing to elect or waiving continuation coverage, including an explanation that a qualified beneficiary's decision whether to elect continuation coverage will affect the future rights of qualified beneficiaries to portability of group health coverage, guaranteed access to individual health coverage, and special enrollment under part 7 of title I of the Act, with a reference to where a qualified beneficiary may obtain additional information about such rights; and a description of the plan's procedures for revoking a waiver of the right

to continuation coverage before the date by which the election must be made;

(vii) A description of the continuation coverage that will be made available under the plan, if elected, including the date on which such coverage will commence, either by providing a description of the coverage or by reference to the plan's summary plan description;

(viii) An explanation of the maximum period for which continuation coverage will be available under the plan, if elected; an explanation of the continuation coverage termination date; and an explanation of any events that might cause continuation coverage to be terminated earlier than the end of the maximum period;

(ix) A description of the circumstances (if any) under which the maximum period of continuation coverage may be extended due either to the occurrence of a second qualifying event or a determination by the Social Security Administration, under title II or XVI of the Social Security Act (42 U.S.C. 401 et seq. or 1381 et seq.) (SSA), that the qualified beneficiary is disabled, and the length of any such extension;

(x) In the case of a notice that offers continuation coverage with a maximum duration of less than 36 months, a description of the plan's requirements regarding the responsibility of qualified beneficiaries to provide notice of a second qualifying event and notice of a disability determination under the SSA, along with a description of the plan's procedures for providing such notices, including the times within which such notices must be provided and the consequences of failing to provide such notices. The notice shall also explain the responsibility of qualified beneficiaries to provide notice that a disabled qualified beneficiary has subsequently been determined to no longer be disabled;

(xi) A description of the amount, if any, that each qualified beneficiary will be required to pay for continuation coverage;

(xii) A description of the due dates for payments, the qualified beneficiaries' right to pay on a monthly basis, the grace periods for payment, the address to which payments should be sent, and the consequences of delayed payment and non-payment;

(xiii) An explanation of the importance of keeping the administrator informed of the current addresses of all participants or beneficiaries under the plan who are or may become qualified beneficiaries; and

(xiv) A statement that the notice does not fully describe continuation coverage or other rights under the plan, and that more complete information regarding such rights is available in the plan's summary plan description or from the plan administrator.

23.     To facilitate compliance with these notice obligations, the U.S. Department of Labor ("DOL") has issued a Model COBRA Continuation Coverage Election Notice ("Model

Notice"), which is included in the Appendix to 29 C.F.R. § 2590.606-4. The DOL website states that the DOL "will consider use of the model election notice, appropriately completed, good faith compliance with the election notice content requirements of COBRA."

24.    If a plan administrator declines to use the Model Notice and fails to meet the notice requirements of 29 U.S.C. § 1166 and 29 C.F.R. § 2590.606-4, the administrator is subject to statutory penalties of up to $110 per participant or beneficiary per day from the date of such failure. 29 U.S.C. § 1132(c)(1).

25.    In addition, the Court may order such other relief as it deems proper, including but not limited to injunctive relief pursuant to 29 U.S.C. § 1132(a)(3) and payment of attorneys' fees and expenses pursuant to 29 U.S.C. § 1132(g)(1). Such is the case here. Defendant failed to use the Model Notice and failed to meet the notice requirements of 29 U.S.C. § 1166 and 29 C.F.R. § 2590.606-4, as set forth below.

**Defendant Has Failed to Comply with COBRA**

26.    In violation of 29 C.F.R. § 2590.606-4(b)(4), Defendant failed to provide Plaintiff any COBRA notice after his termination of employment on September 5, 2023, let alone one that complied with the requirements of 29 C.F.R. § 2590.606-4(b)(4).

27.    Defendant's failure to timely provide Plaintiff a COBRA notice resulted in his inability to make an informed decision as to electing COBRA continuation health insurance coverage.

28.    In fact, Plaintiff was unable to elect COBRA because of Defendant's failure to provide COBRA notice and, as a result, he lost health insurance coverage.

**Plaintiff's First Concrete Injury: Informational Injury**

29.    Defendant's failure to provide COBRA notice caused Plaintiff an informational injury when Defendant failed to provide him with information to which he was entitled to by statute, namely a compliant COBRA election notice containing all information required by 29 C.F.R. § 2590.606-4(b)(4) and 29 U.S.C. § 1166(a).

30.     Through ERISA and then COBRA, Congress created a right—the right to receive the required COBRA election notice—and an injury—not receiving a proper election notice with information required by 29 C.F.R. § 2590.606-4(b)(4) and 29 U.S.C. § 1166(a).

31.     Defendant injured Plaintiff and the class members he seeks to represent by failing to provide all information in its notice required by COBRA.

**Plaintiff's Second Concrete Injury: Loss of Insurance Coverage**

32.     In addition to his informational injury, Plaintiff also suffered a tangible injury in the form of economic loss, specifically the loss of health insurance coverage due to Defendant's failure to provide him a COBRA election notice.

33.     Besides a paycheck, health insurance is one of the most valuable things employees get in exchange for working for an employer like Defendant. Insurance coverage has a monetary value, the loss of which is tangible and an economic harm.

## CLASS ALLEGATIONS

34.     Plaintiff brings this action as a class action pursuant to the Federal Rules of Civil Procedure on behalf of the following persons:

> All participants and beneficiaries in Defendant's health insurance Plan who were not sent a timely COBRA notice by Defendant during the applicable statute of limitations period as a result of a qualifying event, as determined by Defendant's records, and did not elect continuation coverage.

35.     No administrative remedies exist as a prerequisite to Plaintiff's claims on behalf of the Putative Class. As such, any efforts related to exhausting such non-existent remedies would be futile.

36.     <u>Numerosity</u>: The Class is so numerous that joinder of all Class members is impracticable. On information and belief, more than forty (40) individuals participated in the Plan during the applicable statute of limitations period prior to the filing of this lawsuit, and more than forty (40) of those participants satisfy the definition of the Class.

37.     <u>Typicality</u>: Plaintiff's claims are typical of the Class. Defendant failed to provide Plaintiff a COBRA notice, and therefore his claims are typical of all Class Members who did not receive a COBRA notice after a qualifying event or received a deficient COBRA notice that did not comply with the requirements of 29 C.F.R. § 2590.606-4(b)(4).

38.     <u>Adequacy</u>: Plaintiff will fairly and adequately protect the interests of the Class members, he has no interests antagonistic to the class, and has retained counsel experienced in complex class action litigation.

39.     <u>Commonality</u>: Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class, including but not limited to:

- Whether the Plan is a group health plan within the meaning of 29 U.S.C. § 1167(1).

- Whether Defendant's COBRA notice complied with the requirements of 29 U.S.C. § 1166(a) and 29 C.F.R. § 2590.606-4;

- Whether statutory penalties should be imposed against Defendant under 29 U.S.C. § 1132(c)(1) for failing to comply with COBRA notice requirements, and if so, in what amount;

- The appropriateness and proper form of any injunctive relief or other equitable relief pursuant to 29 U.S.C. § 1132(a)(3); and

- Whether (and the extent to which) other relief should be granted based on Defendant's failure to comply with COBRA notice requirements.

40.     Class Members do not have an interest in pursuing separate individual actions against Defendant, as the amount of each Class Member's individual claims is relatively small compared to the expense and burden of individual prosecution. Class certification also will obviate the need for unduly duplicative litigation that might result in inconsistent judgments concerning Defendant's practices and the adequacy of its COBRA notice. Moreover, management of this action as a class action will not present any likely difficulties. In the interests

of justice and judicial efficiency, it would be desirable to concentrate the litigation of all Class Members' claims in a single action.

41.     Plaintiff intends to send notice to all Class Members to the extent required under the Federal Rules of Civil Procedure. The names and addresses of the Class Members are available from Defendant's records.

## CLAIM FOR RELIEF

### Violation of 29 U.S.C. § 1166(a) and 29 C.F.R. § 2590.606-4

42.     Plaintiff re-alleges and incorporates herein by reference all prior allegations in this Complaint as if fully set forth herein.

43.     The Plan is a group health plan within the meaning of 29 U.S.C. § 1167(1).

44.     Defendant is the plan sponsor and plan administrator of the Plan and was subject to the continuation of coverage and notice requirements of COBRA.

45.     Plaintiff and the other members of the Class experienced a "qualifying event" as defined by 29 U.S.C. § 1163, and Defendant was aware that they had experienced such a qualifying event.

46.     Defendant failed to send Plaintiff and the Class a COBRA notice within the statutory time limit after the occurrence of each such qualifying event.

47.     The COBRA notice that Defendant sent, if any, violated 29 U.S.C. § 1166(a) and 29 C.F.R. § 2590.606-4.

48.     These violations were material and willful.

49.     Defendant knew that its failure to provide COBRA notice was inconsistent with the requirements of 29 U.S.C. § 1166(a) and 29 C.F.R. § 2590.606-4, but chose to act and/or failed to act in deliberate or reckless disregard of the rights of Plaintiff and other Class Members.

50.     Defendant's conduct, as alleged herein, resulted in concrete informational and economic harm to Plaintiff and the Class.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that judgment be entered against Defendant on all claims and requests that the Court awards the following relief:

A.    Designation of Plaintiff as a Class Representative and designation of Plaintiff's counsel as Class Counsel;

B.    A determination that this action may proceed as a class action under Rule 23(b)(1), or in the alternative, Fed. R. Civ. P. 23(b)(2);

C.    Ordering Defendant to issue notice to the Class at Defendant's expense;

D.    Declaring that Defendant violated 29 U.S.C. § 1166(a) and 29 C.F.R. § 2590.606-4 by failing to send Plaintiff and the Class a compliant COBRA notice;

E.    Awarding statutory penalties to the Class pursuant to 29 U.S.C. § 1132(c)(1) and 29 C.F.R. § 2575.502c-1 in the amount of $110 per day for each Class Member who was not sent a compliant COBRA notice by Defendant;

F.    Awarding appropriate equitable relief pursuant to 29 U.S.C. § 1132(a)(3), including but not limited to an order enjoining Defendant from any further violations of its COBRA responsibilities, obligations, and duties;

G.    Other equitable relief to redress Defendant's violations of COBRA;

H.    An award of pre-judgment interest;

I.    Awarding costs pursuant to 29 U.S.C. § 1132(g);

J.    Awarding attorneys' fees pursuant to 29 U.S.C. § 1132(g) and the common fund doctrine; and

K.    Granting such other and further relief, in law or equity, as the Court deems appropriate.

Dated: February 27, 2024

By: */s/Eric Lechtzin*
Eric Lechtzin (I.D. # 248958)
**EDELSON LECHTZIN LLP**
411 S. State Street, Suite N-300
Newtown, PA 18940
Telephone: (215) 867-2399
Facsimile: (267) 685-0676
elechtzin@edelson-law.com